Dear Mr. Dionisi:
On behalf of the Louisiana Deferred Compensation Commission (the "Commission"), you requested the opinion of this office concerning the Deferred Compensation Plan's fiduciary coverage under Title 13.
The Commission is established under R.S. 42:1301, et seq., and is created within the Department of Treasury. The Commission shall exist and perform its powers, duties, functions, and responsibilities in the manner provided for agencies transferred in accordance with the provisions of R.S. 36:801.1. R.S. 42:1302; R.S. 36:769(I). The Commission consists of seven members: the state treasurer; the commissioner of administration; the commissioner of insurance; the commissioner of financial institutions; and, three participant members who are elected by the Plan participants.
The Louisiana Governmental Claims Act (the "Act") is found in R.S.13:5101, et seq., and applies to any suit in contract or for injury to person or property against the state, a state agency, an officer or employee of the state or a state agency arising out of the discharge of his official duties or within the course and scope of his employment. R.S. 13:5101(B). For purposes of the Act, "state agency" is defined to mean "any board, commission, department, agency, special district, authority, or other entity of the state . . ."
The specific part of the Act pertaining to the indemnification of officers and employees of the state is found in R.S. 13:5108.1, which provides in pertinent part as follows:
"A. Indemnification.
 (1) The state shall defend and indemnify a covered individual against any claim, demand, suit, complaint or petition seeking damages filed in any court over alleged negligence or other act by the individual,
including any demand under any federal statute when the act that forms the basis of the cause of action took place while the individual was engaged in the performance of the duties of the individual's office or employment with the state.
* * *
B. Coverage process.
 (1) Within ten days of the time the covered individual is served with any summons, complaint, process, notice, demand, or pleading, he shall deliver the original or a copy thereof to the attorney general. Delivery of such a summons, complaint, process, notice, demand, or pleading constitutes a request for representation under this Section and constitutes a prerequisite to indemnification by the state . . ." (Emphasis added)
After receipt of the pleading, the attorney general must furnish a copy of the pleading to the office of risk management. The attorney general is to investigate, by examining the pleading and any other information available to the attorney general, whether the covered individual was engaged in the performance of the duties of his office or employment with the state at the time the events that form the basis of the cause of action happened. If the attorney general concludes that the covered individual was engaged in the performance of the duties of his office or employment with the state at the time the events that form the basis of the cause of action happened and that the covered individual was free of criminal conduct, then the attorney general is required to provide a defense to the covered individual. If the attorney general concludes that the covered individual was not engaged in the performance of the duties of his office or employment with the state at the time the events that form the basis of the cause of action happened or that the employee was engaged in criminal conduct, then the attorney general shall not provide a defense to the covered individual. Such a decision must be communicated in writing to the covered individual and the head of the department of the state in which the individual is employed within ten working days of delivery of the petition to the attorney general. The covered individual then has five days from the date of receipt of the denial to provide additional information to the attorney general. R.S.13:5108.1(B).
When a covered individual makes a request for representation, by that request the covered individual waives any attorney-client privilege to the extent necessary for the attorney general and the office of risk management to carry out their respective duties. If, during the pendency of the action, the covered individual fails or refuses to cooperate with the attorney general in defending the action, then the attorney general may terminate the representation and withdraw from defense of the covered individual. Representation by the attorney general shall only extend until such time as a final judgment is entered in the litigation. When the attorney general has assumed the defense of a covered individual, at any point in the litigation before a judgment is final and executable, the attorney general, in concurrence with the office of risk management and the covered individual, may enter into a settlement agreement to resolve the litigation. R.S. 13:5108.1(B).
Payment of a final judgment of five hundred thousand dollars or more against a covered individual who has been provided a defense by the attorney general in the litigation shall not be made unless the payment is approved by a majority of the members of a subcommittee of the Joint Legislative Committee on the Budget. R.S. 13:5108.1(B).
In the event that the attorney general determined not to assume the defense of a covered individual and a court later finds that the covered individual was engaged in the performance of duties of his office or employment and was free of criminal conduct, the state is additionally obligated to indemnify a covered individual for the attorney fees and all costs incurred. Any such fees payable to indemnify the employee or official shall be served by certified mail upon the director of the office of risk management and paid from the funds available to him to make settlements and pay judgments in lawsuits under his control. Payment of such fees shall be subject to review and approval by a subcommittee of the Joint Legislative Committee on the Budget. To be entitled to payment, any such demand must contain therein a certified copy of the final judgment reflecting the exoneration of the employee or officer and an itemized accounting of the attorney fees and costs due. The fees shall be payable by the office of risk management, at a rate per hour no greater then one and one-fourth times the maximum rate authorized and paid by the office of risk management for counsel to defend the state in damage claims. R.S. 13:5108.1(C).
R.S. 13:5108.1(D) further provides:
 "Nothing in this Section shall in any way impair, limit, or modify the rights and obligations of any insurer under any policy of insurance or impair the right of the covered individual to obtain private counsel in his own behalf."
"Covered individual" is defined in R.S. 13:5108.1(E) to include:
 "(1) An official, officer, or employee holding office or employment:
 (a) In the executive branch of state government or in any department, office, division, or agency thereof . . ."
We must also advise that unless the claim sounds in tort (fraud or negligence allegations), the Office of Risk Management may not be responsible for paying the costs for that defense. The Office of Risk Management was created within the Division of Administration, R.S. 39:1528, to manage all state insurance covering property and liability exposure and to administer the State's risk management program. R.S. 39:1535. A Self-Insurance Fund was legislatively created from which is paid the costs of representing the state and state agencies in all claims covered by the Self-Insurance Fund and in all tort claims whether or not covered by the Self-Insurance Fund. The Self-Insurance Fund pays losses incurred by state agencies under the self-insurance program and certain premium and administrative expenses. The Self-Insurance Program pertains to claims against the state or any of its agencies to recover damages in tort for money damages against the state or its agencies for injury of loss of property, personal injury, or death caused by the negligent or wrongful act or omission of any employee of the agency while acting within the scope of his office or employment under circumstances in which the state or such agency, if a private person, would be liable to the claimant in accordance with the general laws of the state. R.S. 39:1538. Breach of fiduciary duty may sound in contract or tort or both. As noted above, the Attorney General must determine that the individual against whom suit has been filed is free of criminal conduct.
Of course, the State's protection, by way of statutory indemnification, is limited to the legislature's constitutional discretion over appropriations in general and over appropriating funds, in particular, to pay such judgments. Op.Atty.Gen. No. 85-173.
Trusting this adequately responds to your request, we remain
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: ________________________________ MARTHA S. HESS Assistant Attorney General
RPI/MSH
DATE RELEASED: February 19, 2003